UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GERALD LAURENT<br>    Plaintiff,<br><br>v.<br><br>LOUISIANA GENERATING LLC, ABC INSURANCE CO., NAPA AUTO PARTS d/b/a DUCOTE'S AUTO PARTS, DEF INSURANCE COMPANY, HOOD CONTAINER OF LOUISIANA, LLC, and GHI INSURANCE CO.,<br><br>    Defendants. | Case No.22-cv-00643 |

## NOTICE OF REMOVAL

Defendant, Hood Container of Louisiana, LLC ("Hood Louisiana"), through undersigned counsel, hereby removes the above-captioned civil action (the "State Court Action"),[1] and all claims and causes of action therein, from the 18th Judicial District Court for the Parish of Pointe Coupee, Louisiana (the "State Court"), pursuant to 28 U.S.C. §§ 1334 and 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Rule 9027"). In support of this Notice of Removal, Hood Louisiana respectfully states as follows:

---

[1] Citations to the *Petition for Damages* (the "Petition") filed in the State Court Action are referenced as "Petition ¶"; citations to the docket in the Tembec Industries, Inc. ("Tembec") chapter 15 bankruptcy case (the "Tembec Bankruptcy Case") before the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court") (Case No. 08-13435) are indicated by the prefix "Tembec Bankr. Docket No."; citations to the docket in the West Feliciana Acquisition, L.L.C. ("WFA") chapter 7 bankruptcy case (the "WFA Bankruptcy Case") before the United States District Court for the Middle District of Louisiana (the "Louisiana Bankruptcy Court" together with the New York Bankruptcy Court, the "Bankruptcy Courts") (Case No. 10-10053) are indicated by the prefix "WFA Bankr. Docket No."

## INTRODUCTION AND GROUNDS FOR REMOVAL

1. In the State Court Action, Gerald Laurent ("<u>Laurent</u>" or "<u>Plaintiff</u>") seeks relief as alleged in paragraph twenty-three of the Petition. Petition ¶ 23. Specifically, Laurent alleges that as a result of exposure to asbestos and asbestos-containing products sold, distributed, supplied, applied, removed, used, manipulated, and/or maintained on the premises of each defendant and/or its predecessor in interest, he is entitled to damages. Petition ¶ 5. In particular, Laurent seeks damages from Hood Louisiana for alleged exposure while working at the paper mill located in St. Francisville, Louisiana (the "<u>Mill</u>") from 1966 to 1975. Petition ¶¶ 5-7.

2. As explained more fully below, however, Hood Louisiana is not liable for the actions of its predecessor(s) in interest. Specifically, in connection with a series of transactions and bankruptcy court orders as early as 2009, Hood Louisiana's predecessors in interest only assumed certain liabilities while expressly rejecting others, and the U.S. Bankruptcy Code requires enforcement of these transactions and orders of the Bankruptcy Courts.

3. As explained in more detail below, these claims and allegations directly implicate—and challenge the express terms of—the orders of the Louisiana Bankruptcy Court in the WFA Bankruptcy Case.

4. As a result, Laurent's claims must be decided by the court that issued the orders. This Court, therefore, has removal jurisdiction over the Petition pursuant to 28 U.S.C. § 1452.

5. As such, Hood Louisiana removed the State Court Action to this Court to allow this Court to refer the matter to the Louisiana Bankruptcy Court to exercise its authority to interpret and enforce its orders.

2

#100639069v2

**BACKGROUND**

6. By way of background, in 2009, WFA purchased the Mill out of the Tembec Bankruptcy Case from Tembec USA LLC ("Tembec USA").[2] The sale agreement provided that the Mill was sold free and clear of all liens and liabilities not specifically assumed. Certain environmental liabilities were specifically excluded.

7. On January 17, 2010, WFA sought bankruptcy protection in the Louisiana Bankruptcy Court under chapter 11 of the U.S. Bankruptcy Code, thereby commencing the WFA Bankruptcy Case. Amzak Capital Management, LLC ("Amzak") purchased the Mill out of the WFA Bankruptcy Case.

8. Specifically, WFA proposed to sell substantially all of the assets associated with the operation of the Mill. As such, on April 5, 2010, Amzak and WFA entered into the Purchase and Sale Agreement [WFA Bankr. Docket No. 221, Exhibit A] (the "Amzak PSA") where Amzak agreed to purchase "substantially all the assets associated with the operation of the Mill." [WFA Bankr. Docket No. 221, Exhibit A at 2]. The Amzak PSA provided that Amzak would not assume "any Liabilities except for the Assumed Liabilities." [WFA Bankr. Docket No. 221, Exhibit A at 7]. The Assumed Liabilities only included "[(a)] Any and all Liabilities associated with, or in any way relating to, the Purchased Assets that arise after the Closing; (b) Any and all ad valorem taxes outstanding as of the Closing Date; and (c) The cure amounts (or a lesser amount) . . . associated with the Executory Agreements." [WFA Bankr. Docket No. 221, Exhibit A at 7].

9. At a hearing held on April 9, 2010, the Louisiana Bankruptcy Court considered WFA's *Motion, with Supporting Authority, for Orders (I)(A) Authorizing and Approving Bidding*

---

[2] The Tembec Bankruptcy Case was a proceeding under chapter 15 of the U.S. Bankruptcy Code before the New York Bankruptcy Court that recognized the foreign insolvency proceeding pending in Canada.

*and Sale Procedures (B) Authorizing and Approving Notice Procedures and Setting a Hearing Date for Sale Hearing, (II) Authorizing the in Globo Sale Free and Clear of All Liens, Claims and Interest,s and (III) for Related Relief* [WFA Bankr. Docket No. 138] (the "Sale Motion").

10. The Sale Motion asked the Louisiana Bankruptcy Court to approve the Amzak PSA that sold WFA's assets, including the Mill, "free and clear of all liens, claims and interests, other than those expressly assumed by the purchaser or otherwise expressly permitted under the Purchase Agreement." [WFA Bankr. Docket No. 138 ¶ 17].

11. The Louisiana Bankruptcy Court, thereafter, approved the Sale Motion and entered the *Findings of Fact and Conclusions of Law Supporting Approval of Debtor's Sale Free and Clear of All Liens, Claims and Interests* [WFA Bankr. Docket No. 222] (the "Findings of Fact") authorizing Amzak to purchase substantially all assets associated with the operation of the Mill "free and clear of all liens, claims, or interests, whether known or unknown, fixed, liquidated, contingent or otherwise, including any claims held by WFA or its creditors, vendors, suppliers, contract counterparties, employees or lessors, and/or any other person . . . , except as expressly provided by the Purchase [and Sale Agreement]." [WFA Bankr. Docket No. 221 ¶ 6.].

12. As part of Amzak's purchase of the Mill, Amzak formed KPAQ Industries LLC ("KPAQ"), a Louisiana limited liability company and contributed the assets and liabilities acquired through the purchase to KPAQ in exchange for the sole membership interest.

13. On September 30, 2015, Amzak and Hood Container Corporation ("Hood Corp.") entered into the Membership Interest Purchase Agreement (the "MIPA") where Hood Corp. purchased 100% of the issued and outstanding membership interest of KPAQ. As part of this transaction, on October 1, 2015, Hood Corp. changed the name of KPAQ with the Louisiana

Secretary of State to "Hood Container of Louisiana, LLC", the named defendant in the State Court Action.

14. Not coincidentally, and in connection with the WFA Bankruptcy Case, the MIPA provides that since April 2010, there have not been any environmental liabilities in connection with the Mill and any liability related to Environmental Laws or a Release of Hazardous Material (as defined in the MIPA) has been fulfilled. *See* MIPA § 4.09. This provision dates back to April 2010 as the relevant date because April 2010 is when Amzak purchased the Mill "free and clear of all liens, claims, or interests, whether known or unknown, fixed, liquidated, contingent or otherwise, including any claims held by WFA or its creditors, vendors, suppliers, contract counterparties, employees or lessors, and/or any other person." [WFA Bankr. Docket No. 221 ¶ 6.].

15. Pursuant to the terms of the Amzak PSA, neither Hood Corp., in purchasing what would become Hood Louisiana, nor Hood Louisiana have liability for causes of action prior to the Sale Order in April of 2010.

16. On June 13, 2022, Laurent filed the Petition in the State Court naming Hood Louisiana, among others, as defendants for damages caused by alleged injuries sustained while working at the Mill from 1966 through 1975. *See* Petition ¶ 23.

17. Laurent served the Petition on Hood Louisiana on August 17, 2022. The State Court Action is at its preliminary stages, and the parties have not truly started the litigation process.

#100639069v2

## GROUNDS FOR REMOVAL

    **A.    Removal Pursuant to 28 U.S.C. § 1452 Is Proper Because the State Court Action Arises Under the U.S. Bankruptcy Code or Arises in or is Related to a Case Under the U.S. Bankruptcy Code.**

18.    Removal of the State Court Action is proper pursuant to 28 U.S.C. §§ 1334 and 1452(a).

19.    Section 1452(a), which governs the removal of civil actions related to a bankruptcy case, such as the State Court Action, provides:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

20.    Section 1334(b), in turn, provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

21.    Jurisdiction over a proceeding that is "related to" a bankruptcy case "is the broadest of the potential paths to bankruptcy jurisdiction." *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 163 (3d Cir. 2004); *see also Internal Revenue Serv. v. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.)*, 316 F.3d 542, 547 (5th Cir. 2002) ("'Related to' jurisdiction has been defined quite broadly.").

22.    An action is "related to" a bankruptcy case if the outcome "could *conceivably* have any effect on the estate being administered in bankruptcy." *See Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)) (emphasis in original). Under this test, "[c]ertainty is unnecessary; an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities,

options, or freedom of action or could influence the administration of the bankrupt estate." *Cochran v. Johnson & Johnson,* No. H-19-1451, 2019 U.S. Dist. LEXIS 117954, at *3-4 (S.D. Tex. Jul. 16, 2019) (quoting *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007)).

23. The State Court Action is related to the WFA Bankruptcy Case and therefore, is removable under 28 U.S.C. § 1452(a) because, *inter alia*:

- In the Petition, Plaintiff asserts claims to recover monetary damages from Hood Louisiana. Specifically, the Petition seeks damages based upon actions or omissions related to the Mill during the period 1966 through 1975. Any recovery of such damages would challenge the Sale Order and the Findings of Fact and require an interpretation of the Louisiana Bankruptcy Court's orders related to the Amzak PSA.

- The Petition imputes liability on Hood Louisiana as a successor in interest of the Mill. Amzak, as Hood Louisiana's predecessor in interest, purchased the Mill free and clear of all liens, claims, or interests, whether known or unknown, fixed, liquidated, contingent or otherwise, including any claims held by WFA or its creditors, vendors, suppliers, contract counterparties, employees or lessors, and/or any other person. Notwithstanding the terms of the Sale Order and the Findings of Fact, the Petition implicates liability on the WFA bankruptcy estate.

- As part of the challenge to the Sale Order, the Petition requires the Louisiana Bankruptcy Court to determine if the claims alleged in the Petition were property of the WFA bankruptcy estate.

- The Petition, therefore, challenges the finality and terms of the Sale Order entered by the Louisiana Bankruptcy Court in the WFA Bankruptcy Case, as well as the Findings of Fact of the Louisiana Bankruptcy Court.

24. The Petition, therefore, challenges the finality and terms of the Sale Order entered by the Louisiana Bankruptcy Court in the WFA Bankruptcy Case. Accordingly, the entire State Court Action—and not just the claims against Hood Louisiana—is appropriately removed to this Court for the Louisiana Bankruptcy Court ultimately to interpret and enforce its own orders.

**B.     The State Court Action Is a Core Proceeding.**

25. The Petition, in essence, seeks to modify the Louisiana Bankruptcy Court's Sale Order authorizing the sale, pursuant to 11 U.S.C. § 363, of substantially all of the assets associated

7

with the Mill free and clear of all liens, claims, or interests, whether known or unknown, fixed, liquidated, contingent or otherwise, including any claims. Since Laurent's requested relief would implicate the relief afforded by the Louisiana Bankruptcy Court, and since the Louisiana Bankruptcy Court has the right to interpret and enforce its own orders, this action constitutes a core proceeding. *See Overton v. FCA US LLC (In re Old Carco LLC)*, 603 B.R. 877 (S.D.N.Y. 2019); *Luan Investment S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223 (2d Cir. 2002) (holding that a contractual dispute requiring the interpretation of the bankruptcy court's sale order coupled with the proof of claim filed with the bankruptcy court regarding the same dispute involved the core jurisdiction of the bankruptcy court because it required interpretation of the sale order to determine the administration of claims in the bankruptcy court, a matter in the core jurisdiction of the bankruptcy court).

26. Furthermore, this action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N), which defines core proceeding to include an order approving the sale of an estate's property. Since this action would naturally involve the interpretation of the Louisiana Bankruptcy Court's orders, it is a core proceeding. *See Morris v. Pulco (In re Performance Matters, Inc.)*, 309 B.R. 819 (Bankr. M.D. Fla. 2004).

27. For all these reasons, this proceeding relating to matters of administration of the bankruptcy estate is properly removed to this Court pursuant to 11 U.S.C. § 1452(a).

**C.  Removal Under 28 U.S.C. § 1452 Does Not Require Unanimity or Consent.**

28. Removal under 28 U.S.C. § 1452 is "claim- and party-specific." *See Orion Refining Corp. v. Fluor Enters.,* 219 B.R. 480, 486 (E.D. La. 2004); *see also* 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action . . . ."). Because Hood Louisiana is removing under 11 U.S.C. § 1452(a), consent or joinder from other defendants is not required. *See, e.g.*, *Satterwhite v.*

*Guerrero (In re Guerrero)*, No. 12-35341, 2013 Bankr. LEXIS 5346, at *12 (Bankr. S.D. Tex. Dec. 20, 2013) ("Because any one ***party*** may remove an action under § 1452, consent is irrelevant.") (emphasis in original); *see also In re C.D. Jones & Company, Inc.*, No. 09-31595-KKS, 2015 WL 2260707, at *2 (N.D. Fla. May 12, 2015) ("[U]nlike removal of civil actions pursuant to 28 U.S.C. § 1441, the so-called bankruptcy removal statute allows any one party to remove a civil action related to bankruptcy cases without the consent of the parties.").

29. For this reason, the unanimity rule does not apply, and Hood Louisiana does not need the consent of the other defendants in order to properly remove the State Court Action. Should the other defendants object to removal, this Court may sever and remand Plaintiff's claims against them to the State Court. *See id.* at 486 ("If the other defendants do not seek removal, they remain in state court."); *see also Carpenter v. Chrysler LLC*, No. CIV-10-289-R, 2010 U.S. Dist. LEXIS 145205, at * 7 (W.D. Okla. May 17, 2010) (severing the claims between the two defendants and remanding one to state court while retaining jurisdiction over the claims at to the other defendant).

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

30. Laurent filed the Petition in this action on June 13, 2022, in the State Court. Attached as **Exhibit A** are copies of all documents contained in the State Court Action.

31. Hood Louisiana was served with the Petition on August 17, 2022. Accordingly, pursuant to 28 U.S.C. § 1446(b) and Rule 9027, this Notice of Removal is timely filed. *See Bailey v. Janssen Pharmaceutical, Inc.*, 536 F.3d 1202 (11th Cir. 2008).

32. Pursuant to 28 U.S.C. § 1446(d) and Rule 9027(b) and (c), copies of this Notice of Removal are being contemporaneously served on Plaintiff and filed with the Clerk for the State Court.

#100639069v2

33. The United States District Court for the Middle District of Louisiana encompasses the State Court where the State Court Action is pending. *See* 28 U.S.C. § 98(b). Accordingly, removal to this Court is proper. *See* 28 U.S.C. § 1441(a); Fed. Rule Bankr. P. 9027(a).

34. For purposes of Bankruptcy Rule 9027(a)(1), upon removal of the State Court Action, Hood Louisiana consents to the entry of final orders or judgment by the Bankruptcy Court, to the extent applicable.

35. The parties to the State Court Action are **HEREBY NOTIFIED** that removal of the State Court Action will be effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to Bankruptcy Rule 9027(c).

36. Hood Louisiana reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove the State Court Action.

37. No admission of law, fact, or liability is intended by this Notice of Removal. Nor does this Notice of Removal waive any defenses available to Hood Louisiana.

WHEREFORE, Hood Louisiana respectfully requests that the Court consider this Notice of Removal in accordance with the law governing the removal of cases to this Court; that this Court will make the appropriate orders to achieve the removal of this case from the State Court; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served in said State Court.

Dated: September 15, 2022

Respectfully submitted,

*/s/ Joseph J. Lowenthal, Jr.*
JOSEPH J. LOWENTHAL, JR. (#08909)
MARK A. MINTZ (#31878)
Jones Walker LLP
201 St. Charles Avenue, Floor 51
New Orleans, LA 70170
Telephone:   504-582-8682
Facsimile:   504-589-8682
Email:       jlowenthal@joneswalker.com
             mmintz@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify, on this 15th day of September, 2022, that a true and correct copy of the foregoing Notice will be served, by email or United States mail, within a reasonable period of time, upon the following:

*/s/Joseph J. Lowenthal, Jr.*
JOSEPH J. LOWENTHAL, JR.

11

#100639069v2