# Exhibit A



**CT Corporation**
**Service of Process Notification**
08/18/2022
CT Log Number 542141391

## Service of Process Transmittal Summary

**TO:** John A. Burnam, Attorney
JOHN BURNAM
1978 HOOD BLVD., STE 325
HATTIESBURG, MS 39401

**RE:** Process Served in Louisiana

**FOR:** Hood Container of Louisiana, LLC (Domestic State: LA)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: GERALD LAURENT // To: Hood Container of Louisiana, LLC |
| **CASE #:** | 50892D |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **PROCESS SERVED ON:** | C T Corporation System, Baton Rouge, LA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/18/2022 at 08:40 |
| **JURISDICTION SERVED:** | Louisiana |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air, 1ZX212780126050570 |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816
888-263-1128
LawFirmTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



RECEIVED AUG 22 2022 BY:

Page 1 of 1

# CITATION FOR PETITION
### 18TH JUDICIAL DISTRICT COURT
### PARISH OF POINTE COUPEE
### 201 EAST MAIN STREET
### P.O. BOX 38
### NEW ROADS, LOUISIANA 70760

**GERALD LAURENT**

**VERSUS 50892D**

**LOUISIANA GENERATING LLC ET AL**

TO:   HOOD CONTAINER OF LOUISIANA LLC
      THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
      CT CORPORATION SYSTEM
      3867 PLAZA TOWER DRIVE
      BATON ROUGE, LA 70816
      (EBR Parish)

You are named as a Defendant in the above-captioned matter. Attached to this Citation is a:

   ✓ Certified copy of the Original Petition   ____ Certified copy of the Amended Petition   ____ Discovery Requests

You must either comply with the demands contained in the Petition or make an appearance either by filing an answer or other pleading in the 18th Judicial District Court located at the above address within the delay provided by Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**
A.   A Defendant shall file his Answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the Plaintiff files and serves a Discovery Request with his Petition, the Defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
B.   When an exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.
C.   The Court may grant additional time for answer.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or within **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### CLERK OF COURT STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the 18th Judicial District Court on AUGUST 8, 2022.

HON. LANELL SWINDLER LANDRY
CLERK OF COURT
P.O. DRAWER 38
NEW ROADS, LA 70760

BY: _/s/ Meadows_
DEPUTY CLERK OF COURT

**RECEIVED**
**AUG 17 2022**
**EBR SHERIFF'S OFFICE**

Plaintiff's Attorney:   ROBERT C. AINSWORTH
                        1955 CAROLYN SUE DRIVE
                        BATON ROUGE, LA 70815
                        (844) 626-3739

DATE RECEIVED: _____
TYPE OF SERVICE: _____
DATE SERVED: _____
TYPE OF SERVICE: _____   PERSONAL _____
                                 DOMICILIARY _____
PERSON SERVED: _____
UNABLE TO LOCATE: _____
DEPUTY SHERIFF: _____

**18th JUDICIAL DISTRICT COURT FOR THE PARISH OF POINTE COUPEE**

**STATE OF LOUISIANA**

DOCKET NO.:                                                       DIVISION: 50892 D

**GERALD LAURENT**

**VERSUS**

**LOUISIANA GENERATING LLC, ABC INSURANCE CO., NAPA AUTO PARTS d/b/a DUCOTE'S AUTO PARTS, DEF INSURANCE CO., HOOD CONTAINER OF LOUISIANA, LLC, and GHI INSURANCE CO.**

FILED: _____      _____
                                                               **CLERK OF COURT**

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, GERALD LAURENT ("Laurent"), a resident of the full age of majority of the Parish of Pointe Coupee, State of Louisiana, who respectfully represents:

1.

Made Defendants herein are:

1. LOUISIANA GENERATING LLC, ("Generating"), a Delaware limited liability company with its registered office in the City of Pineville, Parish of Rapides and, under knowledge, information, and belief, successor in interest to: CAJUN ELECTRIC POWER COOPERATIVE, INC.;

2. ABC INSURANCE COMPANY, ("ABC"), under knowledge, information, and belief, a foreign insurance company authorized to do, and doing business in, this Parish and State and liability insurer for LOUISIANA GENERATING LLC;

3. NAPA AUTO PARTS d/b/a DUCOTE'S AUTO PARTS, ("Ducote's"), under knowledge, information, and belief, a Louisiana limited liability company domiciled in the Parish of Pointe Coupee;

4. DEF INSURANCE COMPANY ("DEF"), under knowledge, information, and belief, a foreign insurance company authorized to do, and doing business in, this Parish and State and liability insurer for NAPA AUTO PARTS d/b/a DUCOTE'S AUTO PARTS;

5. HOOD CONTAINER OF LOUISIANA, LLC, ("Hood") a Louisiana limited liability company, domiciled in the Parish of East Baton Rouge and, under knowledge, information, and belief, successor in interest to; CROWN ZELLERBACH CORPORATION; and

6. GHI INSURANCE COMPANY ("GHI"), under knowledge, information, and belief, a foreign insurance company authorized to do,

CERTIFIED TRUE COPY

AUG - 8 2022

BY _____
Deputy Clerk - Pointe Coupee Parish

and doing business in, this Parish and State and liability insurer for HOOD CONTAINER OF LOUISIANA, LLC;

2.

The Defendants are justly and truly indebted unto Petitioner, jointly and *in solido* for such monetary damages as are reasonable in the premises of this action, together with legal interest thereon from the date of judicial demand until paid, for the following, to-wit:

3.

Venue is proper in this matter pursuant to *Louisiana Code of Civil Procedure Articles 73 and 74* because the wrongful conduct alleged on behalf of at least one named Defendant that resulted in occupational exposure to the Petitioner occurred within the Parish of Pointe Coupee.

4.

The Petitioner had substantial exposure to asbestos and asbestos-containing products sold, distributed, supplied, applied, removed, used, manipulated, and/or maintained on each Defendant's premises.

5.

Each employer Defendant and/or its predecessor in interest is, or at times material hereto, has been engaged in the processing, manufacturing, installation, removal, maintenance, sale, use and/or distribution of asbestos, asbestos containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos containing products (hereinafter collectively referred to as "asbestos containing products"), or held themselves out as manufacturers of such products, or were professional vendors of such products.

6.

The Petitioner worked with and/or was exposed to asbestos while working at the premises of each Defendant and/or the predecessor in interest of each Defendant, including multiple exposures to asbestos and/or asbestos containing products produced, installed, removed, maintained, sold, and/or distributed by or on behalf of each Defendant and/or the predecessor in interest of each Defendant, resulting in the inhalation of significant quantities of asbestos fibers such that these numerous incidences of inhalation were the proximate cause of injuries sustained by the Petitioner.

7.

From 1966 until 1975, the Petitioner worked as a laborer at the Crown Zellerbach paper mill in St. Francisville, Louisiana.

8.

Duties assigned to the Petitioner included general labor and standing fire watch for contractors that built and installed asbestos insulation on the premises.

9.

During the time period mentioned immediately above, the Petitioner was continually exposed to asbestos and asbestos containing products while performing his assigned duties.

10.

From 1976 until 1980, the Petitioner worked at Ducote's Auto Parts in New Roads, Louisiana.

11.

Duties assigned to the Petitioner included handling asbestos brake shoes and pads and resurfacing brake drums and brake rotors.

12.

During the time period mentioned immediately above, the Petitioner was continually exposed to asbestos and asbestos containing products while performing his assigned duties.

13.

From 1980 until 2000, the Petitioner worked as a warehouseman at the Cajun Electric II Power Plant in New Roads, Louisiana.

14.

Duties assigned to the Petitioner included issuing supplied to maintenance workers, inventorying asbestos gaskets and other asbestos materials, and bagging asbestos and sealing it in drums for removal from the plant.

15.

During the time period mentioned immediately above, the Petitioner was continually exposed to asbestos and asbestos containing products while performing his assigned duties.

16.

The premise owners were aware of the dangers of exposures to asbestos, including the risk of asbestosis, but did not warn the Petitioner or take any preventative measures to reduce or eliminate the Petitioner's exposure to asbestos which emanated from their premises.

17.

The presence of asbestos dust at these facilities was a constant and pervasive condition of the premises and the Petitioner was unnecessarily placed at significant risk of contracting an asbestos related disease.

18.

The Petitioner also had significant exposure to asbestos fibers and dust after he left work, when he wore his dust clothing in his car and at home, which caused his car and his home to be contaminated with asbestos fibers.

19.

The conduct of each Defendant and/or the predecessor in interest of each Defendant was a substantial contributing factor in causing injuries to the Petitioner, such that all Defendants and/or the predecessors in interest are liable jointly and *in solido*, for all the damages complained of herein.

20.

The Petitioner hereby disclaims any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. §1331 (federal question) or 28 U.S.C. §1442(a)(1) (federal officer).

21.

More specifically, the Petitioner disclaims any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to Article I, section 8, clause 17 of the United States Constitution and also any cause of action or claim for recovery based on any exposure to asbestos caused by any person or entity acting under the authority of a federal officer or agency.

22.

To the extent of any exposure to asbestos aboard a vessel of the United States Navy, the claims of the Petitioner are based upon failure to warn and not upon any defect of design and as such, the Petitioner has sued all Defendants for the Petitioner's land based exposures only.

23.

Under Louisiana law, each person owes a duty of reasonable care to avoid injury to another. The employer Defendants and/or their predecessors in interest were negligent and breached their duties of reasonable care to the Petitioner in one, some, and/or all of the following respects, among others, the same being the proximate cause of the Petitioner's asbestos related injuries, illnesses, and disabilities:

a) In failing to provide adequate safety equipment;

b) In failing to protect the Petitioner from asbestos exposure;

c) In failing to provide the Petitioner with sufficient personal protective equipment, safety devices, and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

d) In failing to supervise or ensure compliance with safety guidelines concerning exposure to asbestos or asbestos containing products;

e) In failing to use or misusing equipment and instrumentalities within their control which were intended to minimize the Petitioner's exposure to asbestos dust;

f) In failing to properly perform safety inspections of their premises;

g) In failing to properly perform engineering service, consulting, and direction of work involving the installation, removal, maintenance, and/or disturbance of asbestos at the Petitioner's work sites;

h) In failing to comply with applicable State and Federal regulations regarding workplace exposure to asbestos;

i) In failing to properly perform or direct the removal and abatement of asbestos in place at the Petitioner's work sites;

j) In negligently failing to disclose, warn, or reveal medical and safety information to the Petitioner regarding the hazards of asbestos;

k) In failing to properly hire, delegate, train, administer, and/or supervise employees to be in charge of providing a safe place to work;

l) In failing to properly evaluate the workplace;

m) In failing to properly implement control measures to reduce or eliminate harmful agents in the workplace and/or to prevent harmful agents, such as asbestos from leaving the workplace; and

n) Failing to properly train, educate, and/or warn the Petitioner of the dangers of asbestos.

24.

When inhaled or otherwise ingested, asbestos, shortly after inhalation or ingestion, causes irreparable and progressive damage that can manifest itself as asbestos related pleural diseases, asbestosis, lung cancer, mesothelioma, and other diseases and injuries.

25.

Each of the Defendants knew or should have known through industry and medical studies, the existence of which were unknown to the Petitioner at the times relevant to occupational exposure, of the health hazards inherent in the asbestos containing products that they were selling, using, installing, removing, and/or otherwise causing exposure to the Petitioner.

26.

In connection with the duties assigned to him by each Defendant and/or the predecessor in interest of each Defendant, the Petitioner was exposed to and inhaled or otherwise ingested significant quantities of asbestos having neither knowledge nor reason to believe that these materials were dangerous.

27.

As a direct and proximate contributing result of having inhaled, ingested, or otherwise having been exposed to asbestos, the Petitioner has sustained injuries, both physical and mental.

28.

Due to the latency period of the above injuries and other injuries caused by asbestos and asbestos containing products, the Petitioner has only recently, within one year, become disabled.

29.

The conduct of the Defendants and/or their predecessors in interest, as alleged herein above, was a direct, proximate, and producing cause of the damages resulting from the asbestos related disease and other related physical and mental conditions suffered by the Petitioner in the following nonexclusive particulars:

a) The Petitioner has suffered great physical pain and mental anguish and will continue to suffer great pain of body and mind throughout his lifetime;

b) The Petitioner has incurred economic loss, including lost wages, hospital and/or medical and/or pharmaceutical and/or other expenses and will continue to incur such loss and/or expenses in the future due to the progressively disabling character of asbestos related lung disease and other related physical conditions from which he now suffers and will continue to suffer in the future;

c) The Petitioner suffers a physical impairment at this time and will continue to suffer this impairment in the future due to the progressively disabling character of asbestos related lung disease and other related physical conditions;

d) The Petitioner suffers a permanent partial disability at this time and will become permanently and totally disabled in the future due to the progressive character of asbestos related lung disease and other related physical conditions;

e) The Petitioner is subject to increased progression of his condition due to his exposure to asbestos by the Defendants and/or their predecessors in interest;

f) The Petitioner requires and/or will require domestic help and nursing care due to his disabilities and has been or will be required to pay for such domestic help and nursing care; and

g) Prior to the onset of his disability, the Petitioner was active and participated in numerous hobbies and activities, and as a result of his illness, the Petitioner has been and will be prevented from engaging in some of those activities which were normal to him prior to developing symptoms from asbestos related lung disease, and as such, the Petitioner has been and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

30.

In relation to liability for damages suffered by the Petitioner, all of the allegations contained in the previous paragraphs are realleged herein

31.

Each of the Defendants knew or should have known that its individual actions and/or omissions would combine to cause the injuries of the Petitioner.

32.

The actions and/or omissions of each of the Defendants are a proximate cause of the injuries to the Petitioner. As a result, all Defendants are liable jointly and *in solido* for the damage caused by their combined actions and/or omissions.

33.

Petitioner alleges that at all times mentioned above, there was in full force and effect a policy of insurance issued by the defendant, ABC, under the terms of which it agreed to insure and indemnify Defendant Generating from the damages asserted herein.

34.

Petitioner alleges that at all times mentioned above, there was in full force and effect a policy of insurance issued by the defendant, DEF, under the terms of which it agreed to insure and indemnify Defendant Ducote's from the damages asserted herein.

35.

Petitioner alleges that at all times mentioned above, there was in full force and effect a policy of insurance issued by the defendant, GHI, under the terms of which it agreed to insure and indemnify Defendant Hood from the damages asserted herein.

36.

The Petitioner filed suit pursuant to the requirements of *Louisiana Revised Statutes 23:1031.1(B)*.

**WHEREFORE** the petitioner, GERALD LAURENT, prays that the defendants, LOUISIANA GENERATING LLC, ABC INSURANCE CO., NAPA AUTO PARTS d/b/a DUCOTE'S AUTO PARTS, DEF INSURANCE CO., JAMES RIVER CORPORATION OF NEVADA, and GHI INSURANCE CO., be served with this petition, and after being duly cited to appear and answer same and the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of the petitioner, GERALD LAURENT, and against the defendants, LOUISIANA GENERATING LLC, ABC INSURANCE CO., NAPA AUTO PARTS d/b/a DUCOTE'S AUTO PARTS, DEF INSURANCE CO., JAMES RIVER CORPORATION OF NEVADA, and GHI INSURANCE CO., jointly and *in solido*, for such damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid, all costs of these proceedings, and such equitable relief to which petitioner may be entitled.

Respectfully Submitted:
**Andrew Murrell Law Firm**

_____
J. Andrew Murrell
Bar Roll No. 34003
1955 Carolyn Sue Drive
Baton Rouge, LA 70815
Phone/Fax: (844) 626-3739
Email: Andrew@AndrewMurrell.com

**PLEASE SERVE DEFENDANTS AT:**

Please hold service at this time.

18th JUDICIAL DISTRICT COURT FOR THE PARISH OF POINTE COUPEE

STATE OF LOUISIANA

DOCKET NO.:                                                                     DIVISION:

GERALD LAURENT

VERSUS

LOUISIANA GENERATING LLC, ABC INSURANCE CO., NAPA AUTO PARTS d/b/a DUCOTE'S AUTO PARTS, DEF INSURANCE CO., JAMES RIVER CORPORATION OF NEVADA, and GHI INSURANCE CO.

FILED: _____          _____

                                                                      CLERK OF COURT

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF Pointe Coupee

BEFORE ME, the undersigned Notary Public, personally came and appeared:

**GERALD LAURENT**

who, after being duly sworn, did depose and state:

That he is the petitioner in the above and foregoing Petition and that all allegations contained therein are true and correct to the best of his knowledge, information, and belief.

_____
GERALD LAURENT

SWORN TO AND SUBSCRIBED before me, Notary Public, on this the ____ day of __June__ 2022.

_____
NOTARY PUBLIC

Robert C. Ainsworth
Printed Notary Name

La Bar Roll # 35622
Bar Roll or Notary ID Number

upon death
Commission Expires