**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**GERALD LAURENT**                                                    **CIVIL ACTION NO.**

**VERSUS**                                                             **22-643-JWD-EWD**

**LOUISIANA GENERATING, LLC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 28, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALD LAURENT** | **CIVIL ACTION NO.** |
| **VERSUS** | **22-643-JWD-EWD** |
| **LOUISIANA GENERATING, LLC, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Gerald Laurent ("Plaintiff") filed a Motion to Remand ("Motion"), seeking an order remanding this matter to Louisiana state court because the "grounds for removal pursuant to 28 U.S.C. §§ 1334 and 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure [] no longer exist."[1] The Motion is considered unopposed as no timely opposition memorandum was filed.[2] It is recommended that the Motion be granted, and that this matter be remanded to the Eighteenth Judicial District Court for the Parish of Pointe Coupee, State of Louisiana because the grounds on which this matter was removed no longer exist—chiefly, there is no pending bankruptcy case to which this matter relates as is necessary for jurisdiction under § 1334(b), nor is there a prospect of a bankruptcy case being reopened, as well as other equitable grounds, such as the fact that only Louisiana state law claims remain.

**I.    BACKGROUND**

Plaintiff filed a Petition for Damages ("Petition") in the Eighteenth Judicial District Court for the Parish of Pointe Coupee, State of Louisiana on June 20, 2022 against the following defendants: Louisiana Generating LLC ("Louisiana Generating"); ABC Insurance Company ("ABC"); Napa Auto Parts d/b/a Ducote's Auto Parts ("Ducote's"); DEF Insurance Company ("DEF"); Hood Container of Louisiana, LLC ("Hood Container"); and GHI Insurance Company

---

[1] R. Doc. 10.
[2] Any opposition memorandum was due within twenty-one (21) days after the Motion was filed on September 29, 2022. Local Civil Rule 7(f). No defendant has responded to the Motion and the deadlines to do so have expired.

("GHI") (collectively, "Defendants").[3] Specifically, Plaintiff claims that he sustained physical and mental injuries, including "asbestos related injuries, illnesses, and disabilities," because of the "substantial exposure to asbestos and asbestos-containing products" he endured while employed by and/or on the premises of Louisiana Generating, Ducote's, and Hood Container, as well as their respective "predecessor[s] in interest." Plaintiff asserts claims against the Defendants exclusively under Louisiana law.[4]

### A.    Allegations in the Notice of Removal

On September 15, 2022, Hood Container removed this matter, asserting that this Court has jurisdiction under 28 U.S.C. §§ 1334 and 1452(a) and Fed. R. Bankr. P. 9027.[5] According to the Notice of Removal, Plaintiff's claims relate to orders (dating as far back as 2009) issued by the U.S. Bankruptcy Court for the Middle District of Louisiana ("Bankruptcy Court") in the chapter 7 case captioned *In Re West Feliciana Acquisition, L.L.C.*, No. 10-10053 ("WFA Bankruptcy"). Relevant here, Hood Container contends that the Bankruptcy Court approved an agreement between Amzak Capital Management, LLC ("Amzak") and West Feliciana Acquisition ("WFA") whereby Amzak purchased "substantially all the assets associated with the operation" of WFA's paper mill located in St. Francisville, Louisiana "free and clear of all liens, claims, or interest, whether known or unknown fixed, liquidated, contingent or otherwise, including any claims held by WFA or its creditors, vendors, suppliers, contract counterparties, employees or lessors, and/or any other person…except as expressly provided by the [agreement between Amzak and WFA]."[6]

---

[3] R. Doc. 1-1, pp. 4-5, ¶ 1.
[4] *See id*. at ¶¶ 20-21 ("disclaim[ing] any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442(a)(1) (federal officer)", and "disclaim[ing] any cause of action or claim for recovery bases on any exposure to asbestos on land that is, or was, a 'federal enclave' pursuant to Article I, section 8, clause 17 of the United States Constitution…").
[5] R. Doc. 1.
[6] R. Doc. 1, ¶ 11. According to Hood Container, the only liabilities assumed by Amzak under its agreement with WFA were "(a) Any and all liability associated with, or in any way relating to the Purchased Assets that arise after the Closing; (b) Any and all ad valorem taxes outstanding as of the Closing Date; and (c) The cure amounts (or a lesser amount)…associated with the Executory Agreements." R. Doc. 1, ¶ 8.

2

As part of the purchase, Amzak formed KPAQ Industries, LLC and contributed all the assets and liabilities it acquired to KPAQ in exchange for the sole membership interest.[7] Later, in 2015, Hood Corp. purchased all outstanding membership interest in KPAQ pursuant to a Membership Interest Purchase Agreement, and it changed KPAQ's name to Hood Container. As part of the agreement between Amzak and Hood Corp., neither Hood Corp. nor Hood Container would have any liability for causes of action prior to April 2010, when the Bankruptcy Court approved the sale of WFA's assets to Amzak.[8] Because Plaintiff's Petition seeks damages related to Plaintiff's exposure while working at the St. Francisville paper mill from 1966 until 1975, which predates the purchase of the St. Francisville paper mill (and other assets) by Hood Container's predecessor in interest through the WFA Bankruptcy, Hood Container contends that Plaintiff's "claims and allegations directly implicate—and challenge the express terms of—the orders of the [] Bankruptcy Court in the WFA Bankruptcy Case."[9] As such, removal under 28 U.S.C. § 1452 is proper so this Court can refer this case to the Bankruptcy Court "to exercise its authority to interpret and enforce its orders."[10]

### B. Dismissal of Hood Container

After removal, Plaintiff and Hood Container filed a Joint Motion to Dismiss Hood Container of Louisiana, LLC with Prejudice.[11] The Motion to Dismiss represents that Plaintiff and Hood Container have "entered a voluntary agreement that fully and finally resolves" all claims in dispute between Plaintiff and Hood Container. As part of that agreement, Hood Container agreed to withdraw the *Motion to Reopen Bankruptcy Case Pursuant to 11 U.S.C. § 350 and Fed. R. Bankr. P. 5010 to allow Hood Container of Louisiana to Seek Entry of an Order Enforcing the*

---

[7] *Id.* at ¶ 12.
[8] *Id.* at ¶ 13-15.
[9] *Id.* at ¶ 3.
[10] *Id.* at ¶¶ 5, 24, 25.
[11] R. Doc. 7.

3

*Order Authorizing Sale Free and Clear of All Liens, Claims, and Interest and for Other Relief* ("Motion to Reopen") it filed in the WFA Bankruptcy Case,[12] once this Court issues an Order "dismissing Hood [Container] with prejudice."[13] On September 21, 2022, this Court granted the joint motion and dismissed all claims against Hood Container with prejudice.[14]

Following this Court's September 21 Order, Hood Container filed a *Motion to Withdraw* its Motion to Reopen the WFA Bankruptcy Case, explaining that the "Motion to Reopen in now moot."[15] The Bankruptcy Court granted Hood Container's Motion to Withdraw, and the Motion to Reopen was withdrawn on September 26, 2022.[16]

    **C.**    **Motion to Remand**

Several days later, Plaintiff filed the Motion.[17] Considering that the grounds for removal under § 1334, § 1452(a), and Rule 9027 "no longer exist," Plaintiff argues (1) that "no diversity or federal question issues remain in the present matter," and (2) that "[t]here is no other good reasons extant for the present matter to remain in this Honorable Court."[18] For these reasons, Plaintiff requests that this matter be remanded to Louisiana state court.

    **II.**    **LAW AND ANALYSIS**

28 U.S.C. § 1334 states:

> Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

The Fifth Circuit has explained that "federal district courts have original jurisdiction of claims that

---

[12] *See In Re West Feliciana Acquisition, L.L.C.*, No. 10-10053 at R. Doc. 951.
[13] R. Doc. 7.
[14] R. Doc. 8.
[15] *See* R. Doc. 10-1, p. 2 and *In Re West Feliciana Acquisition, L.L.C.*, No. 10-10053 at R. Doc. 953.
[16] *See id.* at R. Doc. 955.
[17] R. Doc. 10.
[18] R. Doc. 10-1.

4

are at least 'related to' a bankruptcy case [under § 1334(b)],"[19] and that a "party may remove such claims from state court to federal court [under § 1452]."[20] Although "related to" is not defined in the Bankruptcy Act,[21] "a proceeding is related to a bankruptcy if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[22] Put differently, "a proceeding is deemed to be related to a bankruptcy if the proceeding's outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively), and in any way impact upon the handling and administration of the bankruptcy estate."[23]

But § 1452(b) permits the district court to which a case is removed based on bankruptcy jurisdiction to remand the action "on any equitable ground."[24] Factors that may be considered in determining whether there are equitable grounds to remand include: (1) forum non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result.[25]

Here, Plaintiff's Motion has merit, and this matter should be remanded to Louisiana state court for several reasons. First, the WFA Bankruptcy Case is not currently pending in this court or any other court as it has been closed since February 2014.[26] Further, while Hood Container initially

---

[19] *Ervin v. Equicredit Corp. of America*, No. 02-44, 2002 WL 1611495, at *1 (N.D. Miss. June 11, 2002), citing *In Re Wood*, 825 F.2d 90, 93 (5th Cir. 1987).
[20] *Id.*, citing *Wood*, 825 F.2d at 93.
[21] *Wood*, 825 F.2d at 93.
[22] *Ervin*, 2002 WL 1611495, at *1, citing *Wood*, 825 F.2d at 93, and *In Re Walker*, 51 F.3d 562, 569 (5th Cir. 1995).
[23] *Id.*, citing *Walker*, F.3d at 569.
[24] *Knight v. Chase Manhattan Mortg. Corp.*, 04-0007, 2004 WL 2297694, at *2 (N.D. Miss. Sept. 7, 2004).
[25] *Id.*, citing *Browning v. Navarro*, 743 F.2d 1069, 1077 & n. 21.
[26] *See In Re West Feliciana Acquisition, L.L.C.*, No. 10-10053, at text entry closing case dated February 25, 2014.

5

requested that the WFA Bankruptcy Case be reopened, Hood Container withdrew that request as part of its agreement with Plaintiff, and the WFA Bankruptcy Case remains closed. Because the WFA Bankruptcy Case is closed, this Court does not have jurisdiction over this matter under § 1334(b) because "[n]o bankruptcy cases exists to which the present case might now be said to relate."[27] Relatedly, the Court does not have federal question jurisdiction under § 1331 because there is no federal question at issue here as Plaintiff is asserting only state law claims, nor does there appear to be diversity jurisdiction under § 1332 (and, in any event, no party has raised that as a basis for the Court to exercise jurisdiction). Second, considering the applicable factors, and the language of § 1334(c)(1),[28] there are equitable grounds to remand this matter.[29] Third, no party opposes the remand of this matter.

### III.   RECOMMENDATION

As there is no bankruptcy case pending to which this proceeding relates, there does not appear to be another basis for the exercise of federal jurisdiction in this case, and as equitable grounds support Plaintiff's unopposed request to remand this case to state court,

**IT IS RECOMMENDED** that the Motion to Remand,[30] filed by Plaintiff Gerald Laurent, be **GRANTED**, and that this matter be **REMANDED** to the Eighteenth Judicial District Court for the Parish of Pointe Coupee, State of Louisiana.

Signed in Baton Rouge, Louisiana, on July 28, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[27] *Ervin*, 2002 WL 1611495, at *2, and cases discussed there.
[28] § 1334(c)(1) states: "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."
[29] Beyond the lack of pending bankruptcy case to which this matter is related, the following factors, among others, weigh in favor of remand: (1) the fact that Plaintiff only asserts Louisiana state law claims (disclaiming any federal causes of action), such that the state court is better able to respond to those claims, (2) prejudice to the involuntarily removed parties, and (3) comity concerns. *See Knight*, 2004 WL 2297694, at *2.
[30] R. Doc. 10.